IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| CRAIG O. COPLEY, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Civil Action |
| ) | No. 04-3494-CV-S-DW-H |
| ROBERT McFADDEN, Warden, ) | |
| United States Medical Center ) | |
| for Federal Prisoners, ) | |
| Springfield, Missouri, et al., ) | |
| Respondents. ) | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE

Petitioner, an inmate confined in the United States Medical Center for Federal Prisoners, petitions this Court for a writ of habeas corpus in which he complains about his mental health commitment. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Because petitioner's claims are not properly before this Court, it will be recommended that he be denied leave to proceed in forma pauperis.

As grounds for relief in habeas corpus, petitioner alleges that he is being subjected to cruel and unusual punishment because, although his criminal case was dismissed long ago, he remains subject to a mental health commitment; he was denied a conditional release in 2003 because probation officers declined to accept supervision of him and discriminated against him because of his mental illness; his mental health commitment violated the terms of his plea agreement; and he was illegally transferred to FCI Butner and a mental health evaluation of his condition was not authorized prior to the time he was committed for

1

treatment under 18 U.S.C. § 4246. Petitioner contends that he does not have to exhaust administrative remedies because of the decision in Perkins v. Hedricks, 340 F.3d 582 (8th Cir. 2003).

A review of the records and files in this case establish that petitioner was properly committed for mental health care and treatment by the District Court for the Eastern District of North Carolina. The law is clear that jurisdiction on issues regarding the fact or duration of a mental health commitment and/or revocation of conditional release lies in the committing court. United States v. Copley, 25 F.3d 660, 662 (8th Cir. 1994). Accordingly, habeas corpus relief is not available in this district. While petitioner fashions this case as filed pursuant to 28 U.S.C. § 2241, it is clear that it is simply another challenge to his commitment and/or conditional release revocation.

Because this Court lacks jurisdiction of petitioner's claims, it must be recommended that the petition for habeas corpus relief be dismissed.[1]

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 22 of the United States District Court for the Western District of Missouri,

RECOMMENDED that petitioner be denied leave to proceed in forma pauperis, and that the petition for a writ of habeas corpus be dismissed without prejudice.

/s/ James C. England
JAMES C. ENGLAND
United States Magistrate

---

[1] Petitioner has filed subsequent pleadings in this case, which suggest that he wants to file a Bivens action for damages and seeks a change of venue to New York. Given the ruling herein, the Court finds that if petitioner chooses to file other lawsuits requesting different remedies or wants to seek relief in different jurisdictions, he should do so separately from the instant petition.

Date: 4/6/05